

# The Attorney General of Texas

March 16, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John J. Kavanagh, M.D.
Commissioner
Texas Department of Mental Health
  and Mental Retardation
P. O. Box 12668
Austin, Texas 78711

Opinion No. MW-305

Re: Whether the Department of Mental Health and Mental Retardation may change classified employees to hourly employees and pay them on a semi-monthly basis

Dear Dr. Kavanagh:

You have asked whether the Texas Department of Mental Health and Mental Retardation has the authority to remove the majority of its salaried employees from the State Position Classification Plan by converting them to hourly employees and, if not, what legal authorization would be required for such a conversion. You ask further whether MH/MR has the authority to pay the majority of its employees on a biweekly basis rather than on a monthly basis if those employees are converted to hourly employees.

Section 2 of article 6252-11, V.T.C.S., the Position Classification Act, provides, in pertinent part, that:

> All regular, full-time salaried employments within the departments and agencies of the State. . . shall conform with the Position Classification Plan. . . and with the salary rates and provisions of the Appropriations Act. . . .
>
> . . . .
>
> Specifically excepted from the Position Classification Plan. . . are. . . hourly employees, part-time, and temporary employees; and such other positions in the State Government as have heretofore been or as may hereafter be excluded from such Position Classification Plan by executive order of the Governor or by direction of the Legislature.

The General Appropriations Act reflects the fact that a very large number of persons are employed by the department as full-time, classified employees. See General Appropriations Act, Acts 1979, 66th Leg., ch. 843, art. II, §20, at 2556.

An administrative agency has only those powers expressly conferred by statute or derived from express powers. Railroad Commission v. Red Arrow Freight Lines, 96 S.W. 2d 735 (Tex. Civ. App. - Austin 1936, writ ref'd). An Appropriations Act rider applicable to the department gives it some authority to use appropriations for classified positions to pay hourly employees:

> It is further provided that appropriations for salaries of classified positions may be used to pay the wages of hourly workers when the utilization of such personnel is in the best interest of an economical and efficient program.

General Appropriations Act, Acts 1979, 66th Leg., ch. 843, art. II, S2(4), at 2543. This language gives the agency some limited authority to shift funds from classified to hourly positions. We do not believe it empowers the Department of MH/MR to remove the majority of its salaried employees from the State Position Classification Plan by converting them to hourly employees. In order to exercise such comprehensive authority the department would need express legislative authorization or an executive order from the governor.

Article 6826, V.T.C.S., provides that, "Annual salaries provided for in this title shall be paid monthly on warrants drawn by the Comptroller or the Treasurer." The word "title" in article 6826, V.T.C.S., refers to title 117, which concerns the salaries of state officers and employees. The General Appropriations Act provides, in pertinent part, that:

> All annual salaries appropriated by this Act are for full-time employment unless specifically designated as part-time or other and shall be paid in twelve (12) equal monthly installments. . . .

Art. V, S2(a). Classified employees are annual employees and thus are subject to this provision. See General Appropriations Act, Acts 1979, 66th Leg., ch. 843, art. V, S1a, at 2892. We believe, however, that hourly compensation is to be distinguished from an annual salary, and that persons receiving hourly salaries are not subject to the above limitations on annual salaries. They may therefore be paid on some other basis, such as biweekly payment.

### SUMMARY

> The Texas Department of Mental Health and Mental Retardation does not have the power to remove the majority of its salaried employees from the State Classification Plan by converting them to hourly employees. Such authority must be specifically granted to the Texas Department of Mental Health and Mental Retardation by the legislature or by executive order of the governor. The Texas Department of Mental Health and Mental Retardation does have the authority to pay employees receiving hourly compensation on a biweekly or semi-monthly basis.

Very truly yours,

**M A R K   W H I T E**
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Lucius Bunton
Rick Gilpin